DA 08-0343

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 104N

THOMAS POWER,

      Plaintiff and Appellee,

  v.

PAR ELECTRICAL CONTRACTORS, INC.,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 04-0028
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Leonard H. Smith and Christopher C. Stoneback, Crowley, Haughey, Hanson, Toole & Dietrich, Billings, Montana

      For Appellee:

            Kenneth D. Peterson, Attorney at Law, Billings, Montana

Submitted on Briefs:  March 18, 2009

Decided:  March 31, 2009

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 PAR Electrical Contractors, Inc. (PAR) appeals following a jury verdict in favor of Thomas Power in the Thirteenth Judicial District Court, Yellowstone County. We affirm.

¶3 Power filed a wrongful discharge action against PAR on January 8, 2004. PAR moved for summary judgment on March 14, 2008, on the grounds that the undisputed facts showed that it had not discharged Power wrongfully. PAR argued instead that it had discharged Power for a legitimate business reason in the form of reduction of work force necessitated by deteriorating economic conditions and a decline in business. The District Court denied PAR's motion for summary judgment on the grounds that genuine issues of material fact existed as to the reason for Power's termination.

¶4 The District Court conducted a jury trial in May 2008. PAR filed a motion at the close of Power's case for a judgment as a matter of law on the grounds that eliminating a position for economic reasons constitutes a legitimate business reason for an employee's termination. PAR contended that the law did not require PAR to find Power another position within its operation. The District Court denied PAR's motion.

2

¶5     The District Court resolved several disputes in the settling of jury instructions. The District Court provided the following three instructions regarding a legitimate business reason for an employee's termination. Instruction No. 13 stated as follows: "A legitimate business reason is a reason that is neither false, whimsical, arbitrary or capricious, and it must have some logical relationship to the needs of the business."

¶6     The District Court further provided Instruction No. 14. This instruction declared that: "Discharge includes any termination of employment, including resignation, elimination of the job, layoff for lack of work, failure to recall or rehire, and any other cutback in the number of employees for a legitimate business reason." Finally, Instruction No. 15 provided that: "Absent express personnel policy provisions or any verbal or written promises of management, an employer has no obligation to find a terminated employee another employment position."

¶7     The court specifically provided these instructions regarding a legitimate business reason for an employee's discharge in place of two instructions proffered by PAR. The court refused to offer PAR's Instruction No. 5, which provided that "economic conditions constitute a legitimate business reason for a discharge." The court also refused to include PAR's Instruction No. 6, which provided that "[a] legitimate business reason for discharge exists where an employer makes legitimate reductions in the work force necessary to maintain business viability."

¶8     The jury returned a verdict in favor of Power. The jury determined that PAR wrongfully had terminated Power and awarded him damages in the amount of $252,428.

3

PAR responded by filing a motion for judgment as a matter of law, or, alternatively, a new trial. PAR argued that the evidence introduced at trial established that Power had been discharged because his job had been eliminated for legitimate business reasons and that the District Court wrongfully had refused to provide PAR's jury instructions central to the theory of its case. The District Court denied PAR's motion. PAR appeals.

¶9 PAR argues on appeal that it was entitled to judgment as a matter of law, or, alternatively, a new trial because it had discharged Power for legitimate business reasons. PAR contends that Power presented no evidence that showed that it had discharged him for any reason other than declining economic conditions in its Billings office. PAR further contends that the court's refusal to provide to the jury its proposed Instruction No. 5 and proposed Instruction No. 6 warrants a new trial. PAR contends that the court's refusal to give these proposed instructions rendered the jury without any instruction demonstrating that legitimate business reasons for discharge include reacting to economic conditions. PAR contends that this omission caused it material prejudice.

¶10 We review de novo the legal question of the district court's denial of a motion for judgment as a matter of law. *Johnson v. Costco Wholesale*, 2007 MT 43, ¶ 18, 336 Mont. 105, 152 P.3d 727. We review a district court's jury instructions for an abuse of discretion. *Olson v. Shumaker Truck. and Excav. Contr.*, 2008 MT 378, ¶ 22, 347 Mont. 1, 196 P.3d 1265. We must consider the jury instruction in its entirety, as well as in connection with the other instructions given and with the evidence introduced at trial. *Murphy Homes, Inc. v. Muller*, 2007 MT 140, ¶ 74, 337 Mont. 411, 162 P.3d 106.

4

¶11     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that the District Court applied well settled Montana law to the facts of this case in denying PAR's motion for judgment as a matter of law, or, alternatively, for a new trial. It is further evidenced on the face of the briefs and record before us that the District Court did not abuse its discretion in instructing the jury on legitimate business reasons for which an employer lawfully may discharge an employee.

¶12     We affirm.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JIM RICE